Of Counsel:
FUKUNAGA MATAYOSHI CHING & KON-HERRERA, LLP

WESLEY H. H. CHING        2896
SHEREE KON-HERRERA        6927
841 Bishop Street, Suite 1200
Honolulu, Hawaii  96813
Telephone:  (808) 533-4300
Facsimile:  (808) 531-7585
Emails:     whc@fmhc-law.com
            skh@fmhc-law.com

Attorneys for Defendant / Third-Party
Plaintiff PACREP LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AUTHENTICITY CO. LTD., <br><br> Plaintiff, <br><br> vs. <br><br> PACREP LLC; THE RITZ-CARLTON HOTEL COMPANY, L.L.C.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, <br><br> Defendants. <br> _____ <br> PACREP LLC, <br><br> Defendant/ Third-Party Plaintiff, <br><br> vs. | CASE NO. 1:24-cv-00322 DKW-RT <br><br> DEFENDANT / THIRD-PARTY PLAINTIFF PACREP LLC'S THIRD-PARTY COMPLAINT AGAINST ALBERT C. KOBAYASHI, INC.; EXHIBIT "A"; SUMMONS; CERTIFICATE OF SERVICE <br><br> Trial Judge: The Honorable Derrick K. Watson <br> Trial Date: February 10, 2026 |

| ALBERT C. KOBAYASHI, INC. |
| Third-Party Defendant. |

**DEFENDANT / THIRD-PARTY PLAINTIFF PACREP LLC'S THIRD-PARTY COMPLAINT AGAINST ALBERT C. KOBAYASHI, INC.**

Defendant and Third-Party Plaintiff PACREP LLC ("Pacrep"), by and through its attorneys, for a Third-Party Complaint against Third-Party Defendant ALBERT C. KOBAYASHI, INC. ("ACK") alleges and avers as follows:

1. Defendant and Third-Party Plaintiff Pacrep LLC is and at all pertinent times was a foreign limited liability company authorized to do business in the State of Hawaii.

2. Third-Party Defendant Albert C. Kobayashi, Inc. is and at all pertinent times a corporation incorporated and registered to do business in the State of Hawaii.

3. Plaintiff AUTHENTICITY CO. LTD. ("Plaintiff") filed a Complaint against Pacrep and THE RITZ-CARLTON HOTEL COMPANY, L.L.C. herein on July 30, 2024 [Dkt. 1] ("Plaintiff's Complaint"), attached hereto as Exhibit "A", alleging that Plaintiff was damaged because of construction defects in Plaintiff's penthouse at the Ritz-Carlton Residences, Waikiki Beach, located at 383 Kalaimoku Street, Honolulu, Hawaii 96815, specifically, Unit PH-H ("Penthouse" or "Property").

4. Plaintiff alleges that the construction defects have been causing leaks in and around the Penthouse, including but not limited to leaks emanating from the roof area and showing up on the interior of the Penthouse residence itself, as well as the alleged loss of use of the Penthouse.

5. Pacrep denies liability for any acts or omissions which caused or contributed to the defects or damages alleged by the Plaintiff. However, to the extent that Plaintiff suffered damages as alleged, such damages were caused by the acts, conduct, errors, omissions, misconduct, negligence, breach and/or other wrongful acts or omissions on the part of ACK from whom Pacrep is entitled to express indemnification, indemnification, contribution, and/or reimbursement.

6. On or about June 17, 2013, Pacrep as Owner and ACK as Contractor entered into a Construction Agreement for The Ritz-Carlton Residences, Waikiki Beach project located at 383 Kalaimoku Street ("Project").

7. ACK's Work under the Construction Agreement included the construction and services required by the Contract Documents, whether completed or partially completed, and included all other labor, materials, equipment and services provided or to be provided by ACK to fulfill the Contractor's obligations.

8. The Construction Agreement provided for express and/or contractual indemnity in favor of Pacrep in pertinent part as follows:

**§ 3.18 INDEMNIFICATION**
**§ 3.18.1** The Contractor shall defend (with counsel subject to approval by the Owner, which approval shall not be unreasonably withheld or delayed), indemnify and hold harmless the Owner, Construction Manager, Owner's lender (the "Lender") and their respective members, managers, officers, directors, participants, agents and employees (collectively, the "Indemnitees") from and against any and all claims, lawsuits, arbitrations, mediations, damages, losses and expenses (including, but not limited to, attorneys' fees) arising out of or resulting from performance or nonperformance of the Work and attributable to bodily or personal injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work), but only to the extent of Contractor's proportionate fault resulting from the negligent acts or omissions or intentional misconduct, or acts or omissions resulting in the strict liability, of the Contractor, a Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not any such claim, lawsuit, arbitration, mediation, damage, loss or expense is caused in part by a party indemnified hereunder, provided, however, the Contractor shall not be obligated to indemnify the Owner with respect to damages which are due to the sole, negligent, or willful misconduct of the Owner or its agents. Such obligation shall not be construed to negate, abridge, or reduce other rights or obligations of indemnity which would otherwise exist as to a party or person described in this Section 3.18.

9. If Plaintiff was damaged because of any defects caused by or resulting from the wrongful acts, errors or omissions, negligent or improper construction, purchase and installation of defective products, violation of Building Code and other applicable laws and ordinances, breach of a construction industry standard, or deficiencies in the performance of services by ACK for the Project, then such damages were caused by the negligence, breach and/or other wrongful acts or

omissions of ACK from whom Pacrep is entitled to express indemnification, indemnification, contribution, and/or reimbursement.

10. If Pacrep engaged in any acts or omissions which in any way caused or contributed to the alleged defects and Plaintiff's alleged damages or losses, such conduct was passive or secondary and was not the proximate or legal cause of such Defects and damages or losses.

11. Based on the foregoing, if any judgment is recovered against Pacrep, such damages, costs, expenses and attorneys' fees will have been caused by ACK for which Pacrep is entitled to implied and/or express indemnification, contribution, and/or reimbursement from ACK for the entire amount of such judgment, if any, rendered against Pacrep together with expenses, costs and reasonable attorneys' fees.

WHEREFORE, Pacrep prays for relief as follows:

1. That if Plaintiff is entitled to judgment or any other relief herein, such judgment or other relief be rendered against ACK and not against Pacrep.

2. That if it be determined that Plaintiff is entitled to judgment against Pacrep, that Pacrep have judgment over and against ACK, for the full amount of any such judgment or other relief awarded to Plaintiff together with reasonable attorneys' fees, costs and expenses of suit.

3. That if it be determined that Pacrep is a joint tortfeasor or otherwise a co-obligor for damage or relief, if any, to Plaintiff, then the allocation of fault of Pacrep and ACK be determined and that judgment be entered against ACK for any excess which may be paid by Pacrep over and above their allocated share of any such judgment or relief, if any.

4. That Pacrep have judgment over and against ACK for implied and/or express indemnification, contribution, and/or reimbursement.

5. That the Court award Pacrep its costs, expenses and attorneys' fees.

6. That the Court order such other relief as it may deem just and proper.

DATED: Honolulu, Hawaii, May 8, 2025.

    /s/ Sheree Kon-Herrera
WESLEY H.H. CHING
SHEREE KON-HERRERA
Attorneys for Defendant and Third-Party
Plaintiff PACREP LLC