IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| AUTHENTICITY CO. LTD,<br><br>Plaintiff,<br><br>v.<br><br>PACREP LLC, THE RITZ-CARLTON HOTEL COMPANY LLC, *et al.*,<br><br>Defendants. | Case No. 24-cv-00322-DKW-RT<br><br><br>**ORDER TO SHOW CAUSE** |

Plaintiff Authenticity Co. Ltd. (Authenticity) initiated this case with the filing of a Complaint against two named Defendants, PACREP LLC (PACREP) and The Ritz-Carlton Hotel Company, LLC (Ritz-Carlton).   Dkt. No. 1. Authenticity alleges that jurisdiction over this case rests on diversity under 28 U.S.C. Section 1332(a).   *Id*. at ¶ 8.   Authenticity further alleges that it is a foreign corporation, PACREP is a limited liability company with a principal place of business in California, and Ritz-Carlton is a limited liability company with a principal place of business in Maryland.   *Id*. at ¶¶ 1, 5-6.   For the reasons set forth below, these jurisdictional allegations are insufficient and, therefore, Authenticity is ORDERED TO SHOW CAUSE why this action should not be dismissed for lack of subject matter jurisdiction.

Although no party has raised jurisdictional concerns, this Court has an independent obligation to determine whether subject matter jurisdiction exists. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).   Here, Authenticity relies upon diversity as the sole basis for subject matter jurisdiction.   Diversity jurisdiction exists, in part, "where the citizenship of each plaintiff is different from that of each defendant."   *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). As explained, Authenticity alleges that it is a foreign corporation.   In such a situation, Section 1332(a)(2) provides that this Court has jurisdiction of civil actions between citizens of a State and citizens of a foreign state.[1]   Because Authenticity is allegedly a citizen of a foreign state, the remaining questions are whether PACREP and Ritz-Carlton are citizens of a State.   On this issue, the Complaint is insufficient.

This is because both PACREP and Ritz-Carlton are allegedly limited liability companies.   "A limited liability company is a citizen of every state of which its owners/members are citizens, not the state in which it was formed or does business."   *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) (quotation omitted).   The Complaint, however, does not allege the citizenship of the owners/members of either PACREP or Ritz-Carlton.   Instead, it

---

[1]Although the Complaint does not specify, the Court presumes this is the provision of Section 1332(a) upon which Authenticity relies.

2

alleges where they are registered and do business, Dkt. No. 1 at ¶¶ 5-6, neither of which is relevant to the jurisdictional analysis, *see NewGen*, 840 F.3d at 612.[2] Thus, as alleged, Authenticity has failed to establish diversity jurisdiction over this action.

Authenticity may have until **June 23, 2026** to respond to this Order to Show Cause in a brief not to exceed five (5) pages.   In doing so, Authenticity must affirmatively specify the citizenship of every State of which PACREP and Ritz-Carlton's owners/members are citizens.   If any of those owners/members are limited liability companies, Authenticity must, in turn, also specify the citizenship of every State of which those companies' owners/members are citizens, and so on. In addition, Authenticity must then explain why this is an action between citizens of a State and citizens of a foreign state, pursuant to Section 1332(a)(2), or why

---

[2]The Court notes that, while they would not cure the deficient allegations of the Complaint, the Corporate Disclosure Statements of PACREP and Ritz-Carlton address, in part, the jurisdictional concerns identified herein.   *See* Dkt. No. 15 (asserting that PACREP is "wholly owned" by Westwood Waikiki LLC, without stating the citizenship of Westwood's owners/members); Dkt. No. 17 (asserting that Ritz-Carlton is "wholly owned" by Marriott International, Inc., without stating the citizenship of Marriott).   The same is true of Defendants' Answers, Cross Claims, and Third-Party Complaint.   *See* Dkt. No. 14 at ¶ 5; Dkt. No. 16 at ¶ 6, Dkt. No. 54 at 2 (¶6), 12 (¶2); *but see* Dkt. No. 55 at ¶ 1 (alleging, in PACREP's Third-Party Complaint, that PACREP is a "foreign limited liability company authorized to do business in the State of Hawaii."); Dkt. No. 60-1 at ¶¶ 1-2 (alleging, in PACREP's Cross Claim against Ritz Carlton, that both PACREP and Ritz Carlton are "foreign" limited liability companies authorized to do business in this State); Dkt. No. 62 at 2 (¶2) (Ritz Carlton admitting the foregoing allegations in PACREP's Cross Claim).   These representations may assist Authenticity in responding to this Order to Show Cause.

this Court otherwise has subject matter jurisdiction.   Should Authenticity fail to properly specify the citizenship of PACREP and Ritz Carlton, or should Authenticity's assertions fail to establish that this is an action between citizens of a State and citizens of a foreign state or that this Court otherwise has subject matter jurisdiction, **this action will be dismissed without prejudice for lack of subject matter jurisdiction**.   *See Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 971 n.2 (9th Cir. 2019) ("in general, dismissal for lack of subject matter jurisdiction should be without prejudice.").

IT IS SO ORDERED.

Dated: June 9, 2026 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

*Authenticity Co., Ltd. v. Pacrep, LLC, The Ritz-Carlton Hotel Company LLC, et al*;
Civil No. 24-00322 DKW-RT; ORDER TO SHOW CAUSE

4