IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| AUTHENTICITY CO. LTD, <br><br> Plaintiff, <br><br> v. <br><br> PACREP LLC, THE RITZ-CARLTON HOTEL COMPANY LLC, *et al.*, <br><br> Defendants. | Case No. 24-cv-00322-DKW-RT <br><br> **ORDER REOPENING DISCOVERY FOR THE LIMITED PURPOSE OF JURISDICTION** |

On June 9, 2026, Plaintiff Authenticity Co. Ltd. was Ordered to Show Cause why this case should not be dismissed for lack of subject matter jurisdiction. Dkt. No. 151. Of particular concern, the Court *sua sponte* observed that, although Authenticity relied upon diversity as the sole basis for subject matter jurisdiction, Authenticity had not alleged the citizenship of the owners/members of Defendants PACREP LLC and The Ritz-Carlton Hotel Company, LLC—the relevant inquiry for limited liability companies.

On June 23, 2026, Authenticity, a foreign citizen, filed a timely response to the Order to Show Cause. Dkt. No. 157. Therein, Authenticity first asserts that Ritz-Carlton's members "include" five entities, all of which are citizens of the States of Delaware and Maryland. *Id*. at 2-3. Second, Authenticity asserts that it

has been unable to ascertain the citizenship of PACREP's owner(s)/member(s).

*Id*. at 4-5 ("PACREP's citizenship cannot presently be determined….").

Authenticity, therefore, requests "limited jurisdictional discovery" directed toward

the "identity and citizenship" of PACREP's owner(s)/member(s).   *Id*. at 4.

Upon review, to the limited extent set forth below, the Court agrees that

jurisdictional discovery is appropriate.[1]   Generally speaking, "[d]iscovery should

ordinarily be granted where pertinent facts bearing on the question of jurisdiction

are controverted or where a more satisfactory showing of the facts is necessary."

*Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir.

1986) (involving personal jurisdiction) (quotation omitted).   However, a discovery

request that is "based on little more than a hunch that it might yield jurisdictionally

relevant facts" is insufficient.   *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th

Cir. 2008).

Here, a more satisfactory showing of the relevant jurisdictional facts is

certainly necessary because, at present, diversity and, thus, subject matter

jurisdiction are undoubtedly lacking.   Specifically, the operative Complaint

contains no relevant jurisdictional allegations with respect to Ritz-Carlton and

---

[1]The Court notes that, pursuant to the operative Second Amended Rule 16 Scheduling Order, discovery closed on May 29, 2026.   Dkt. No. 124 at ¶ 5(a).   Therefore, discovery is being re-opened for the limited purpose set forth herein.

2

PACREP.   Further, while Authenticity's response provides relevant information with respect to Ritz-Carlton, the same concedes that no such information has been ascertained with respect to PACREP.   This is problematic because, having invoked diversity as the only basis for jurisdiction, it is Authenticity's burden to plead the relevant citizenship of PACREP and Ritz-Carlton.   *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 438 (9th Cir. 1992) (explaining that a plaintiff is "required to specify affirmatively the citizenship of all relevant parties" for purposes of diversity jurisdiction).   Because Authenticity has failed to do this, a more satisfactory showing is necessary.[2]   Further, while the record in this case is far from a model of clarity, *see* Dkt. No. 151 at 3 n.2, the Court finds that Authenticity's request for discovery is not simply based upon a "hunch" that jurisdictionally relevant facts will be developed from discovery.   In particular, the identity and citizenship of PACREP's owner(s)/member(s) should be within the possession of, and readily available to, PACREP.

Accordingly, the Court ORDERS as follows.   Authenticity may conduct discovery solely to ascertain the identity and citizenship of PACREP's owner(s)/manager(s).[3]   As explained in the Order to Show Cause, Dkt. No. 151

---

[2]Authenticity's assertion, in its response, that "it appears that this Court has jurisdiction", Dkt. No. 157 at 4, is, therefore, inaccurate. No such conclusion can be reached, given the absence of citizenship information as to one of the two named Defendants.

[3]To the extent Authenticity's response can be construed as requesting *this Court* to engage in this

at 3, should one or more of PACREP's owner(s)/manager(s) itself be a limited liability company or partnership, Authenticity may also conduct discovery solely in an attempt to ascertain the citizenship of those companies or partnerships. Authenticity may conduct discovery in this fashion until PACREP's organizational structure and the citizenship thereof is complete.[4]   No other discovery is permitted.   To the extent the parties have any question or disagreement over discovery sought pursuant to this Order, they may contact the assigned U.S. Magistrate Judge in the same fashion as any other discovery question or dispute. Authenticity may have until **August 10, 2026** to complete the discovery set forth above.

Thereafter, on or before **August 17, 2026**, Authenticity shall file a supplemental response to the Order to Show Cause, detailing the citizenship of each and every owner(s)/member(s) of PACREP as explained herein and in the Order to Show Cause.   Authenticity must also explain, in light of these jurisdictional facts, why diversity exists in this case.   Should Authenticity fail in any relevant respect in this regard, no further opportunity will be provided to

---

type of discovery of PACREP, *see* Dkt. No. 157 at 4, the request is denied.   As explained, it is *Authenticity's* burden to adequately plead diversity in this case.

[4]And, so it is clear, it is citizenship at the time the Complaint was filed that matters, *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002), *i.e.*, July 30, 2024.

4

establish diversity, and **this case will be dismissed without prejudice for lack of subject matter jurisdiction**.

Finally, briefing on the motions for summary judgment scheduled for hearing on July 10, 2026, Dkt. Nos. 134 & 147, shall continue.   In other words, given that we are on the eve of the only relevant briefing deadline, summary judgment reply briefs must still be filed on or before June 26, 2026.   The hearing on July 10, 2026, however, is VACATED.   Also, all unexpired deadlines in the Second Amended Rule 16 Scheduling Order, other than the need to file replies as set forth above, are HELD IN ABEYANCE.   Pending receipt and review of Authenticity's supplemental OSC response, as directed above, the Court will reevaluate the balance of the pretrial and trial schedule in this case, as needed.

IT IS SO ORDERED.

Dated: June 25, 2026 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

*Authenticity Co., Ltd., v. Pacrep LLC, et al*; Civil No. 24-00322 DKW-RT;
**ORDER REOPENING DISCOVERY FOR THE LIMITED PURPOSE OF JURISDICTION**